IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kathy Preston, ) | Case No. 8:14-cv-03289-HMH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| The Reliable Automatic Sprinkler Co. Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on a motion to dismiss filed by Defendant. [Doc. 7.] Plaintiff brought this action in the Pickens County Court of Common Pleas, alleging interference with Plaintiff's rights under the Family Medical Leave Act (the "FMLA"). [Doc. 1-1.] Defendant removed the action to this Court. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

Defendant filed its motion to dismiss on August 22, 2014. [Doc. 7.] On August 25, 2014, Plaintiff filed an Amended Complaint and a response in opposition to the motion to dismiss. [Docs. 10, 11.] Defendant filed an Answer to the Amended Complaint on September 10, 2014. [Doc. 13.]

A timely filed amended pleading supersedes the original pleading. *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) (As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160, 162 (2d Cir. 2000))); *see also* 6 Charles Alan Wright et al., *Federal Practice and*

*Procedure* § 1476 (3d ed. 2011) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As a result, motions directed at the superseded pleading generally are to be denied as moot. *See, e.g.*, *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (citing *Colin v. Marconi Commerce Sys. Emps.' Ret. Plan*, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002)) (denying as moot the defendants' motions to dismiss because the second amended complaint rendered moot the defendants' pending motions to dismiss, which were related to the superseded complaint); *McCoy v. City of Columbia*, 2010 WL 3447476, at *1–2 (D.S.C. Aug. 31, 2010) (adopting the magistrate judge's report and recommendation to the extent it recommended that the motion to dismiss be found as moot because the amended complaint superseded the original complaint and rendered any attack upon it moot); *Rowley v. City of N. Myrtle Beach*, 2009 WL 750406, at *2–3 (D.S.C. Mar. 16, 2009) (finding as moot the defendants' motion to file answer out of time and the plaintiff's motion for default judgment based on the defendants' failure to timely answer the original complaint because "[t]he original complaint was, in a sense, amended out of existence." (quoting *Thomas v. Se. Pa. Transp. Auth.*, 1989 WL 11222, at *1 (E.D. Pa. 1989))). However, "if some of the defects raised in the original motion remain in the new pleading, the court simply *may* consider the motion as being addressed to the amended pleading[ because to] hold otherwise would be to exalt form over substance." Wright et al., *supra*, § 1476 (emphasis added).

Here, Plaintiff filed an Amended Complaint attempting to remedy the defects alleged by Defendant to be in the original Complaint. [Doc. 10.] If Defendant believed defects remained in the Amended Complaint, it could have filed a motion to dismiss addressing the Amended Complaint within the time frame allotted by the Federal Rules of Civil Procedure; instead, Defendant filed an Answer to the Amended Complaint. [Doc. 13.] Accordingly, the Court recommends finding as moot the motion to dismiss, which is directed at the original Complaint, because the original Complaint was superseded by Plaintiff's Amended Complaint.[*]

---

[*]The Court is aware that, in *Monster Daddy LLC v. Monster Cable Prods., Inc.*, the court held that because the plaintiff repeatedly asserted that the defendant's amended answer remained deficient, it would defy logic and exalt form over substance to accept the defendant's contention that the motion to dismiss the defendant's counterclaims and affirmative defenses was moot after the defendant amended the answer. 2010 WL 4853661, at *3 (D.S.C. Nov. 23, 2010) (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2010)). However, in *Monster Daddy*, following the defendant's amendment of its answer, the plaintiff filed an additional motion to dismiss, renewing its claims that the defendant's counterclaims and affirmative defenses were deficient, 2010 WL 4853661, at *2. Moreover, the court in *Monster Daddy* emphasized that it would be illogical to deny the plaintiff's motion to dismiss "in the face of [the plaintiff's] repeated assertion that [the defendant's] amended answer remains deficient." *Id.* at *3. In that case, after the defendant amended its answer and filed a response contending that its amended answer rendered the plaintiff's initial motion to dismiss moot, the plaintiff filed a reply, maintaining that the defendant's pleadings remained deficient. *Id.* Subsequently, the defendant filed a sur reply countering the plaintiff's motion to dismiss on the merits, and because the defendant failed to address the plaintiff's contention that the defendant's affirmative defenses were insufficiently pleaded, the court ordered the defendant to file supplemental briefing, and the defendant filed a supplemental brief. *Id.* Further, as previously stated, the plaintiff filed an additional motion to dismiss asserting its claims that the defendant's counterclaims and affirmative defenses were deficient; the defendant filed a response to this second motion to dismiss, and the plaintiff filed a reply. *Id.*

Here, because the time allotted by the Federal Rules of Civil Procedure to serve a responsive pleading has expired, Defendant filed an Answer to the Amended Complaint rather than a motion to dismiss, and Defendant has not argued that the alleged defects have not be remedied by the Amended Complaint, the Court recommends applying the general rule that a timely filed amended pleading supersedes the original pleading.

Wherefore, based upon the foregoing, the Court recommends that the motion to dismiss be FOUND AS MOOT.

IT IS SO RECOMMENDED.

                                                     s/Jacquelyn D. Austin
                                        United States Magistrate Judge

September 12, 2014
Greenville, South Carolina